IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MANUEL ALCALA FARIAS**,<br><br>      Petitioner,<br><br>      vs.<br><br>**FAMILY COURT SERVICES INVESTIGATOR,**<br><br>      Respondent. | 1:07-cv-0521-OWW  WMW HC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OF MEMORANDUM OPINION AND ORDER RE PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[Doc. 6] |

      Petitioner is proceeding pro se in this petition for writ of habeas corpus pursuant to 22 U.S.C. Section 2254.  The court dismissed this case and entered judgment for Respondent in this case on April 20, 2007.  Pending before the court is Petitioner's motion for reconsideration.

      Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  The Rule permits a district court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud

. . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

      Motions to reconsider are committed to the discretion of the trial court.  *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C.Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988).  The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'"  *LaFarge Conseils et Etudes, S.A. v. Kaiser Cement*, 791 F.2d 1334, 1338 (9th Cir. 1986), quoting *Corex Corp. v. United States*, 638 F.2d 119 (9th Cir. 1981).  Accordingly, "the clause is reserved for 'extraordinary circumstances.'" *Id.*

      As stated in this court's prior memorandum opinion and order, relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1504 fn.7 (2000).  The court previously found that custody is not an issue in this case.  Rather, Petitioner asserts that the state court wrongly deprived him of his right to guardianship of his granddaughter.  The court found as a matter of law that this claim does not state a claim for which relief could be granted pursuant to 22 U.S.C. Section 2254.  The court therefore dismissed the case for failure to state a claim.

      In his motion for reconsideration, Petitioner asks the court to reopen his case under the civil rights act for a decision under the victims compensation tort claims act.  The court

declines to do so, finding that Petitioner has not demonstrated the required extraordinary circumstances. Specifically, Petitioner has not demonstrated any error in the court's prior decision dismissing his petition for writ of habeas corpus. If Petitioner now wishes to pursue a civil rights action under the victims compensation tort claims act, he must file a separate civil action, initiating the case by filing a complaint stating the factual and legal basis for his tort claim.

    Accordingly, Petitioner's motion for reconsideration is HEREBY DENIED.IT IS SO ORDERED.

**Dated:   June 27, 2007**           /s/ Oliver W. Wanger
UNITED STATES DISTRICT JUDGE